Henry **WEISSENBERG,**
Plaintiff–Appellee,

v.

Cal **TERHUNE;** et al., Defendants–
Appellants.

No. 99–17023.
D.C. No. CV–98–05596–AWI.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001.[*]

Decided Aug. 23, 2001.

Before HAWKINS, TASHIMA, and
. GOULD, Circuit Judges.

MEMORANDUM[**]

 Defendants appeal the district court's order denying their motion for summary judgment which included an argument that they are entitled to qualified immunity on Weissenberg's civil-rights claims. We review de novo the district court's denial of qualified immunity, *Robinson v. Prunty,* 249 F.3d 862, 865–66 (9th Cir.2001), and affirm.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

"A district court's denial of qualified immunity on legal grounds is a final decision subject to interlocutory appeal." *Knox v. Southwest Airlines,* 124 F.3d 1103, 1106 (9th Cir.1997). Because our jurisdiction is limited to legal questions, we assume as true the facts asserted by the non-moving party and resolve the qualified immunity issue in light of those facts. *Robinson,* 249 F.3d at 866. Accordingly, because only the questions of whether the facts alleged state a claim and whether the purported right was clearly established at the time of the alleged violation are legal questions, *see Washington v. Lambert,* 98 F.3d 1181, 1192 (9th Cir.1996); *Neely v. Feinstein,* 50 F.3d 1502, 1509 (9th Cir. 1995), our jurisdiction is limited to those issues.

In his verified first amended complaint and the declaration attached to his opposition to defendants' motion to dismiss, Weissenberg states that he sought dental care, mental-health care, and care for back problems, including a lower-bunk assignment and an appropriate work assignment. He further states that his complaints were ignored or that when his problems were treated they were left unresolved and subsequent complaints were to no avail. He also states that in retaliation for his complaints defendants caused gang members to threaten and harass him, provoked fights between Weissenberg and prison guards, and placed Weissenberg in administrative segregation. Accepting these allegations as true and limiting our review to the legal questions related to qualified immunity, we conclude that Weissenberg's allegations state a claim and that the rights which were allegedly violated were clearly established. *See Estelle v. Gamble,* 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Barnett v. Centoni,* 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam); *Valandingham v. Bojorquez,* 866 F.2d 1135, 1139 (9th Cir.1989); *Hoptowit v. Ray,* 682 F.2d 1237, 1253 (9th Cir.1982). Accordingly, we affirm the district court's determination that defendants are not entitled to qualified immunity. *See Jensen v. City of Oxnard,* 145 F.3d 1078, 1085 (9th Cir.1998).

Because the defendants' remaining contentions on appeal would require us to review the adequacy of the factual record, we do not have jurisdiction to consider these contentions. *See Collins v. Jordan,* 110 F.3d 1363, 1370 (9th Cir.1996).

We deny all pending motions.

**AFFIRMED.**